**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 33090)
scott@edelsberglaw.com
Adam A. Schwartzbaum, Esq.*
Florida Bar No. 93014
adam@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBEKKA LIEN,<br><br>Plaintiff,<br><br>v.<br><br>YANKA INDUSTRIES, INC. d/b/a MASTERCLASS,<br><br>Defendant. | Case No: 3:24-CV-08007-TLT<br><br>**<u>CLASS ACTION</u>**<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS** |

United States District Court
Northern District of California

Plaintiff Rebekka Lien hereby responds in opposition to Defendant Yanka Industries, Inc. d/b/a MasterClass's ("MasterClass" or "Defendant") motion to stay all discovery pending resolution of MasterClass's motion to dismiss Plaintiff's complaint (the "Motion") [ECF No. 30].

**INTRODUCTION**

Plaintiff in this class action lawsuit seeks to represent a class of similarly situated MasterClass subscribers whose personally identifiable information concerning videos they watched on MasterClass's website was knowingly transmitted by MasterClass to Meta, Inc. ("Facebook") without their consent. Based on this conduct, Plaintiff alleges MasterClass violated the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), entitling her and all class members to statutory damages of up to $2,500. MasterClass has moved to dismiss the Complaint and simultaneously asked the Court to stay all discovery until the Court rules on the Motion to Dismiss.

The Court should deny the Motion to Stay pending the outcome of the Motion to Dismiss because, as most federal courts conclude, stays of discovery are disfavored and should be only granted in narrow circumstances not present here. "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Harmoni Int'l Spice, Inc. v. Wenxuan Bai,* No. CV16-00614 BRO (ASx), 2016 WL 11783827, at *5 (C.D. Cal. Sept. 30, 2016) (citing *Mlejnecky v. Olympus Imaging Am., Inc.,* No. 2:10–CV–02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). "'Indeed, district courts look unfavorably upon such blanket stays of discovery,' because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Id.* (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

As detailed in Plaintiff's forthcoming opposition to MasterClass's Motion to Dismiss, Plaintiff's Amended Complaint adequately states a claim for Defendant's violations of the VPPA, so it is highly unlikely that the Motion to Dismiss will dispose of this lawsuit. A stay, if granted, would merely delay proceedings, waste judicial resources, and prejudice Plaintiff and class members. Moreover, Defendant also fails to provide sufficient factual support showing why good cause exists to stay discovery, whether in whole or in part. The Court should therefore deny the

Motion to Stay and allow Plaintiff to diligently prosecute her case.

## ARGUMENT

### I. LEGAL STANDARD

"All defendants believe that their motions to dismiss are meritorious, and if that was the standard, discovery would be stayed in all cases where motions to dismiss are filed." *Cortazar v. Ca Ventures, LLC*, No. 1:19-cv-22075 UU, 2019 U.S. Dist. LEXIS 126556, at *3 (S.D. Fla. July 29, 2019) (denying motion to stay pending resolution of defendant's motion to dismiss) (citation omitted). A party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The proponent of a stay bears the burden of establishing its need. *See id*. at 708. "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

Pursuant to Federal Rule of Civil Procedure 26, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense;" however, the party seeking protection must show good cause. To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (emphasis added). MasterClass, as the moving party, bears the burden of showing good cause and reasonableness. *See Silva v. TEKsystems, Inc.*, No. 12-CV-05347-LHK, 2013 WL 3388255, at *3 n.1 (N.D. Cal. July 8, 2013).

The factors that must be weighed by a court in deciding whether to grant a stay are (1) the possible damage or harm to the non-moving party which may result from granting the stay; (2) the

hardship or inequity to the moving party if required to go forward with the case; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

"When weighing the relevant interests, the court must be mindful that 'if there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else,' then the movant 'must make a clear case of hardship or inequity in being required to go forward.'" *Rose*, 2015 U.S. Dist. LEXIS 195291, at *5 (quoting *Landis*, 299 U.S. at 255) (citing *Salinas v. City of San Jose*, No. 09-cv-04410-EJD, 2012 U.S. Dist. LEXIS 97802, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012)). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Rose*, 2015 U.S. Dist. LEXIS 195291, at *5 (quoting *Lockyer*, 398 F.3d at 1112).

## II. MASTERCLASS'S MOTION TO DISMISS DOES NOT WARRANT A STAY OF DISCOVERY.

Defendant's request to stay discovery in this matter should be denied because 1) Defendant fails to sufficiently demonstrate prejudice; 2) Defendant's Motion to Dismiss should be denied; and 3) Plaintiff and the class members will be prejudiced by a stay.

### A. Defendant Fails to Meet Its Burden to Justify a Stay.

Defendant fails to make the requisite showing of prejudice to justify a stay of discovery. Defendant vaguely claims that it would "suffer significant prejudice if required to being costly and time-consuming class discovery" (Mot. at 9) but provides no indication as to the specific type of burden it will suffer, the number of documents its attorneys will have to review for production, or even a supporting declaration. Moreover, Defendant cites only to the amorphous burden of class discovery, but seeks to stay all discovery in this action, despite failing to show any hardship relating to Plaintiff's individually tailored discovery requests. More is required from Defendant to meet its burden and overcome the general rule against a stay.

The only "prejudice" Defendant claims it will suffer if a stay is not granted is the time and expense of litigating this case, which courts have repeatedly held is an insufficient basis to stay

proceedings. *See, e.g., Salazar v. Cty. of L.A.*, No. CV-15-09003-MWF-JC, 2016 U.S. Dist. LEXIS 190608, at *19 (C.D. Cal. Sep. 26, 2016) ("the time and expense of wasted discovery is a legitimate concern, 'it does not outweigh the risk that a stay pending the related proceedings' resolution would simply delay Plaintiffs' day in Court.") (quoting *Mojica v. Securus Techs., Inc.*, No. 5:14-CV-5258, 2015 U.S. Dist. LEXIS 12664, at *10 (W.D. Ark. Jan. 29, 2015)); *Rose*, 2015 U.S. Dist. LEXIS 195291, at *5 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.") (quoting *Lockyer*, 398 F.3d at 1112); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490, at *12 (N.D. Cal. Jan. 8, 2016) ("Although Uber may suffer hardship, in the form of additional discovery, the Court concludes that this potential hardship does not merit a stay in this case."); *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2018 U.S. Dist. LEXIS 208121, at *5 (E.D. Cal. Dec. 10, 2018) ("Where defendants have not identified any specific harm beyond the cost of litigation, it has been held that 'being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'") (quoting *Lockyer*, 398 F.3 at 1112). The Court should conclude Defendant's generalized complaints about the ordinary burdens of litigation are insufficient to show prejudice.

**B. Defendant's Motion to Dismiss is Unlikely to Resolve this Case.**

A stay of discovery is not warranted because the motion to dismiss will almost certainly be denied. The factual allegations of Plaintiff's Amended Complaint sufficiently state a claim under the VPPA, as most courts have concluded in similar cases. The Court should deny the stay because MasterClass "has not demonstrated an immediate and clear possibility that its motion will dispose of plaintiff's claims altogether." *Mlejnecky*, 2011 WL 489743, at *9.

In her forthcoming opposition to the motion to dismiss, Plaintiff will refute each one of MasterClass's grounds for dismissal of this case (and certainly of any grounds that are "case dispositive"). While Plaintiff will more fully develop these arguments in her opposition, a summary of these arguments should be sufficient to demonstrate why the motion to dismiss is likely to be denied.

First, the Court is likely to conclude—in accordance with the only federal appellate decision to squarely address the question—that Plaintiff qualifies as a "consumer" under the VPPA because

she is a "subscriber" to goods or services from MasterClass, a "video tape service provider." *See* 18 U.S.C. § 2710. MasterClass does not dispute that, because it is in the "business" of "rental, sale, or delivery of prerecorded video cassette tapes or similar audio video materials," that it qualified as a "video tape service provider." *Id.* Instead, MasterClass relies on an erroneous line of district court cases to argue that Plaintiff is not a "consumer" because her subscription to MasterClass's website did not provide her "with any enhanced or exclusive access to MasterClass's visual good or services." ECF No. 29 at 2. As the Second Circuit Court of Appeals recently held, however, "nothing in the statute limits the definition of 'consumer' to those who rent, purchase, or subscribe to a particular class of services—namely, audiovisual content." *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 546 (2d Cir. 2024). Instead, the court of appeals held that "the plain language of the 'consumer' definition, the VPPA's terminology in other sections, and the structure of the statute as a whole" support the view that a subscriber (like Plaintiff) need not be a subscriber to "audio visual good or services," and that this interpretation "is entirely consistent with the statute's purpose." *Id.* at 546. In other words, under the VPPA's statutory framework, an individual's provision of valuable personal information (including an email address) in order to register for a defendant's service – regardless of whether that service is directly connected to audiovisual content – renders that individual a "subscriber" for VPPA purposes.

Plaintiff alleges that she became a subscriber to MasterClass's website, *masterclass.com*, by providing her personal information to Defendant to create a MasterClass account. ECF No. 10 ("Compl.") ¶ 46. Plaintiff, who used the Facebook signup process to become a MasterClass subscriber, shared her email and related personal information associated with her Facebook account to Plaintiff (including her name, zip code, and phone number). *Id.* ¶¶ 23–24. She also provided Defendant with her IP address, a unique number assigned to all information technology devices that informs Defendant as to a subscribers' city, zip code, and physical location. *Id.* ¶ 25. *Salazar* holds that, by supplying such personal information to MasterClass in exchange for an account and access to prerecorded video and media content on its website, she became a "subscriber" under the VPPA. *See Salazar*, 118 F.4th at 552. Courts in this district have found similar allegations sufficient to show a subscriber relationship and thus consumers under VPPA. *See, e.g.*, *Jackson v. Fandom, Inc.*, No.

22-CV-04423-JST, 2023 WL 4670285, at *3 (N.D. Cal. July 20, 2023) (finding sufficient plaintiff's allegations that she "created a Fandom account; became a registered user; provided Fandom with her PII, including her name and email address; and then used Fandom to watch videos"); *In re Hulu Priv. Litig.* ("*Hulu I*"), No. C 11-03764 LB, 2012 WL 3282960, at *7 (N.D. Cal. Aug. 10, 2012) (finding sufficient plaintiffs' allegations that "they signed up for a Hulu account, became registered users, received a Hulu ID, established Hulu profiles, and used Hulu's video streaming services"). Moreover, since *Salazar* was decided, district courts—including those within the Ninth Circuit—agree that an individual's provision of personal information to create an account with a video tape service provider is sufficient to allege them to be a "consumer" to the VPPA. *See Mata v. Zillow Group, Inc.*, No. 24-CV-01095-DMS-VET, 2024 WL 5161955, at *4 (S.D. Cal. Dec. 18, 2024) (denying motion to dismiss because plaintiff became a "subscriber" to Zillow's website when they provided personal information to create an account). This Court is likely to follow *Salazar* and conclude that Plaintiff sufficiently alleges she is a "subscriber" to MasterClass's goods or services.

Second, Plaintiff sufficiently alleges that MasterClass "knowingly" transmitted its consumers' personally identifiable information by making the conscious decision to install the Pixel on its website, motivated by a desire to profit from its consumers' data. *See e.g. Markels v. AARP*, 689 F. Supp. 3d 722, 729 (N.D. Cal. 2023) ("plaintiffs' allegations that defendant knowingly installed the Pixel and shared plaintiffs' information is adequate" to establish knowing transmission). The complaint alleges that MasterClass deliberately installed the Facebook pixel on its website, with knowledge that it disclosed personal viewing information to Facebook. Compl. ¶¶ 4, 32. It further alleges that MasterClass did this to improve its targeted advertising and increase its revenue. Compl. ¶¶ 6, 32, 37. "These factual allegations are enough for the court to reasonably infer that defendant knowingly discloses personally identifying information." *Sellers v. Bleacher Rep., Inc.*, No. 23-CV-00368-SI, 2023 WL 4850180, at *5 (N.D. Cal. July 28, 2023) (citing *Czarnionka v. Epoch Times Ass'n, Inc.*, No. 22 CIV. 6348 (AKH), 2022 WL 17069810, at *4 (S.D.N.Y. Nov. 17, 2022) (holding plaintiff plausibly alleged scienter requirement)).

A stay should be denied because even just the few authorities cited above demonstrate Defendant's Motion to Dismiss will likely be denied. Indeed, this Court already held that it would not

grant a stay pending the outcome of the Ninth Circuit's decision in *Heather v. Healthline Media, Inc*., because it likely recognizes that numerous circuits have already disposed of the issues raised by Defendant in its motion to dismiss and there is no indication that the Ninth Circuit would split from the other circuits in a manner that would be dispositive of this action. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020) ("An applicant for a stay pending appeal must make 'a *strong showing* that he is likely to succeed on the merits.'") (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (emphasis added).

**C. A Stay Will Prejudice Plaintiff and the Class.**

Defendant casually dismisses that Plaintiff will be prejudiced by a stay. A stay of discovery for several months will prejudice Plaintiff's ability to meaningfully conduct discovery and move for class certification under the Court's scheduling order. *Garner v. Amazon.com, Inc.*, 2022 WL 716850, at *1 (W.D. Wash. Mar. 10, 2022) (denying motion to stay where "the parties have less than ten months to complete fact discovery" and "[a] delay of unknown length at the start of discovery would likely prejudice plaintiffs' ability to support their class certification motion"). Further, Plaintiff will be prejudiced because she will be unable to obtain any discovery and because witness memories fade over time, original documents can be lost before trial, and a protracted stay leads to irreversible loss of needed information. *See Young v. Peraza*, No. 15-60968-CIV--COHN/SELTZER, 2015 WL 4639736, at *2 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time.").

While Defendant is quick to overlook the harm to Plaintiff and the class members, "unduly delaying a plaintiff's day in court constitutes a significant injury." *Ontiveros v. Zamora,* 2013 U.S. Dist. LEXIS 59621, at *13 (E.D. Cal. Apr. 25, 2013). In a class action, "the possible damage and prejudice to Plaintiff that may result from staying the case" is significant because a stay "would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before [the] court." *O'Hanlon v. 24 Hour Fitness USA, Inc*., No. 15-cv-01821-BLF, 2016 U.S. Dist. LEXIS 27509, at *14 (N.D. Cal. Mar. 2, 2016).

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery. The Court should allow Plaintiff to diligently prosecute this action on behalf of herself and all others similarly situated. Defendant has not carried its heavy burden showing good cause for staying discovery.

Dated: March 13, 2025

Respectfully submitted,

**EDELSBERG LAW, P.A.**

*/s/ Scott Edelsberg, Esq.*
Scott Edelsberg, Esq.
SBN 33090
scott@edelsberglaw.com
Adam A. Schwartzbaum, Esq.*
Florida Bar No. 93014
adam@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.**
Florida Bar No. 101754
ashamis@shamisgentile.com
Edwin E. Elliott, Esq.**
Florida Bar No. 1024900
edwine@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, FL 33132
Tel: 305-479-2299

*Admitted *Pro Hac Vice*

***Pro Hac Vice* forthcoming

*Counsel for Plaintiff and the Proposed Class*