Sheri Pan (SBN 316136)
sheri@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335

Attorney for Defendant
**YANKA INDUSTRIES, INC. d/b/a MASTERCLASS**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBEKKA LIEN,<br>*Plaintiff,*<br>v.<br>YANKA INDUSTRIES, INC. d/b/a MASTERCLASS,<br>*Defendant.* | Case No. 3:24-cv-08007-TLT<br>**DEFENDANT YANKA INDUSTRIES, INC. d/b/a MASTERCLASS'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**<br>Judge: Hon. Trina L. Thompson<br>Hearing Date: April 22, 2025<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor |

## I. INTRODUCTION

Courts in this District follow a "two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Tavantzis v. Am. Airlines, Inc.*, No. 23-CV-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (collecting cases); *accord Nelson v. F. Hoffmann-La Roche, Inc.*, No. 21-CV-10074-TLT, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) (Thompson, J.). "First, 'a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.' Second, 'the court must determine whether the pending dispositive motion can be decided absent additional discovery.'" *Tavantzis*, 2024 WL 812012, at *1 (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* Defendant Yanka Industries, Inc. d/b/a MasterClass ("MasterClass") explained that its motion to stay meets both criteria because (i) its pending motion to dismiss is potentially dispositive of Plaintiff's one-count complaint (as shown by, *inter alia*, the 20+ dismissal orders supporting its leading legal position) and (ii) the motion can be decided without the need for any discovery. MasterClass also demonstrated that the requested discovery stay would conserve the parties' and Court's resources. *See Kincheloe v. Am. Airlines, Inc.*, No. 21-CV-00515-BLF, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021) (quoting *Fields v. Roberts*, 1:06–cv–00407–AWI–GSA–PC, 2013 WL 5230034, at *1 (E.D. Cal. Sept. 16, 2013) (courts applying the two-pronged test "sometimes" address the conservation of resources factor).

Plaintiff Rebekka Lien's opposition, (dkt. 31 (the "Opp.")), doesn't even mention the applicable legal test. Instead, she cites case after case (including ones from other federal circuits) addressing requests for stays made in different contexts and that require application of other legal tests—including ones addressing "*Landis* stays" where a party seeks a general litigation stay pending the outcome of a separate matter by a different court or other authority. *See*, *e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (addressing relevant factors and discussing several examples addressing similar stay requests). But putting aside Plaintiff's failure to address the correct

legal framework underlying MasterClass's motion, the arguments she offers do not meaningfully contest MasterClass's request for a discovery stay while its motion to dismiss is resolved.

First, Plaintiff argues that she will prevail on each of the arguments raised in MasterClass's motion to dismiss. (Opp. § II.B.) This approach misses the point. The question presented here is whether MasterClass's motion to dismiss is *potentially* dispositive of Plaintiff's case—not whether it *is* dispositive. That criterion is easily met here. As MasterClass has explained, more than two dozen district court decisions have adopted a plain language interpretation of the "consumer" element for the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "VPPA"), that if applied here, would result in dismissal of Plaintiff's case. For her part, Plaintiff does not contest that outcome, but argues that this Court is more likely to follow the decision in *Salazar v. National Basketball Association*, 118 F.4th 533 (2d Cir. 2024). But as discussed below, that out-of-circuit decision adopts an interpretation of the VPPA that is contrary to the law endorsed by a "litany" of district courts in this and other circuits. For present purposes, that is more than enough to show that the pending motion is *potentially* dispositive of the entire case, even after the Court takes a "preliminary peek" at the substance of the motion. The same goes for MasterClass's other arguments addressing required elements of Plaintiff's VPPA claim: the motion presents significant authority showing that each of its arguments is *potentially* case-dispositive.

Second, Plaintiff does not contest that no discovery is needed to resolve MasterClass's motion. She therefore concedes the second prong of the applicable test.

Third, while Plaintiff suggests without explanation that a discovery stay would "waste judicial resources," (Opp. at 2), she does not rebut MasterClass's argument that entry of a discovery stay pending resolution of MasterClass's motion to dismiss will conserve the parties' and Court's resources.

Fourth, Plaintiff argues that MasterClass has not done enough to show the prejudice it will suffer absent a stay, or the prejudice Plaintiff will suffer if a stay is entered. (Opp. §§ II.A., II.B.) All of these arguments, however, are based on legal tests not at issue here. Moreover, the basic principles that Plaintiff cites regarding stays in general are fundamental to the two-pronged test at issue here. There is no reason to address them separately.

The motion to stay discovery should be granted.

## II. ARGUMENT

### A. Plaintiff Does Not Rebut the Motion's Arguments that the Two-Pronged Test Is Satisfied Here.

#### 1. Plaintiff fails to refute that the motion to dismiss is not *potentially* case-dispositive.

Plaintiff "summarizes" each of the arguments she plans to make in response to the three arguments raised in MasterClass's motion to dismiss and contends that the Court will see things her way. (Opp. at 5-8.) But whether or not MasterClass *will* win on its motion is not the point. *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (quoting *Pac. Lumber Co.*, 220 F.R.D. at 351) ("Plaintiffs attempt to grapple with the merits of Facebook's motion to dismiss to demonstrate that Facebook's arguments are not case-dispositive. On a motion to stay discovery, however, the question is only whether Facebook's motion to dismiss is '*potentially* dispositive of the entire [case].'") (citation omitted) (emphasis in original). Here, Plaintiff fails to show that a "preliminary peek" of any of the three arguments made in MasterClass's motion to dismiss is not *potentially*—and independently—case-dispositive. *Id.* (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602) (D. Nev. 2011)).[1]

On MasterClass's first argument, Plaintiff contends, without good reason, that the Court is "likely" to adopt the Second Circuit's analysis in *Salazar* and conclude that the VPPA's consumer element does not require a factual nexus between a "subscription," on the one hand, and a defendant's *video* goods or services, on the other. (Opp. at 5-6.) Initially, Plaintiff implicitly concedes that if this Court does *not* follow *Salazar* – and, instead, sides with the consensus interpretation of the VPPA's "consumer" element that has been widely adopted by district courts in this Circuit, which *do* endorse the nexus requirement – MasterClass wins and the case would be over. Indeed, Plaintiff attempts to downplay that concession by arguing that "most courts," including "[c]ourts in this

---

[1] This also holds if the Court applies the "more lenient standard" that Plaintiff curiously advocates for in her brief. *Tradebay*, 278 F.R.D. at 602 (referencing the two-pronged test and comparing it to the laxer "immediate and clear possibility" standard used by some "[o]ther courts in the Ninth Circuit").

district," have followed *Salazar*'s analysis as well.[2] (*Id.*) But a preliminary peek at MasterClass's motion to dismiss puts the lie to that argument. As MasterClass's motion explains, decisions from this and other districts and circuits have recognized that a "*litany of decisions* recogniz[e] [the] nexus requirement" – hardly an isolated "line of district court cases," as Plaintiff implies, (Opp. at 6) – that the Second Circuit rejected in *Salazar*. (Dkt. 29 at 7 (quoting *Hernandez v. Container Store, Inc.*, No. 2:23-CV-05067-HDV-RAO, 2024 WL 72657, at *3 (C.D. Cal. Jan. 3, 2024)).) MasterClass's motion to dismiss identifies some, but not all, of the more than two dozen district court decisions adopting this plain language interpretation of the VPPA. *Id.* at 7 n.4. Tellingly, the one post-*Salazar* decision from this circuit that Plaintiff identifies—*Mata v. Zillow Group, Inc.*—adopts this interpretation of the VPPA as well. No. 24-CV-01095-DMS-VET, 2024 WL 5161955, at *3 (S.D. Cal. Dec. 18, 2024) (quoting *Tawam v. Feld Ent. Inc.*, 684 F. Supp. 3d 1056, 1061 (S.D. Cal. 2023) ("[C]ourts have 'required the existence of a factual nexus or relationship between the subscription provided by the defendant and the defendant's allegedly actionable video content.'")).[3] Because Plaintiff does not contest that she only accessed free video content on MasterClass's website—which is equally available to every internet user regardless of whether they "quickly registered" on the MasterClass website using Facebook credentials—her own pleading concedes that her alleged "subscription" lacks a factual nexus to MasterClass's video services as mandated by the VPPA. Accordingly, since the analysis endorsed and adopted by courts throughout this Circuit require Plaintiff to allege a

---

[2] Plaintiff later states that "numerous circuits have already disposed of the issues raised by Defendant in its motion to dismiss." (Opp. at 8.) Plaintiff provides no support for that statement whatsoever. The only contrary "circuit" decision she cites is *Salazar*, which is an outlier decision when compared to the "litany" of decisions interpreting the VPPA's consumer element as requiring a nexus to a defendant's video services. *See Hernandez v. Container Store, Inc.*, No. 2:23-CV-05067-HDV-RAO, 2024 WL 72657, at *3 (C.D. Cal. Jan. 3, 2024).

[3] The *Mata* decision cites *Salazar* for the proposition that an individual's provision of "personal information" might be evidence of a "commitment" to a business, consistent with the Eleventh Circuit's decision in *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256 (11th Cir. 2015). Thus, *Mata*'s citation to *Tawam* shows continued adherence to – not departure from – the consensus interpretation of the VPPA's "consumer" element as requiring a nexus to a business's video goods or services.

connection between her "subscription" and MasterClass's video content, Plaintiff's failure to do so is at least *potentially* fatal to her VPPA claim.[4]

On MasterClass's second argument, Plaintiff argues that the Second Circuit's decision in *Salazar* supports that any "provision of personal information to create an account with a video tape service provider is sufficient to allege them to be a 'consumer' to the VPPA." (Opp. at 7.) But this does not address MasterClass's argument that, under the framework followed by courts in this circuit, *see*, *e.g.*, *Kuzenski v. Uproxx LLC*, No. 2:23-CV-00945-WLH-AGR, 2024 WL 5323420, at *3 (C.D. Cal. June 24, 2024) (citing *Ellis*, 803 F.3d at 1256) (discussing the "*Ellis* factors"), Plaintiff has not alleged a basic "subscriber" relationship. If anything, the Second Circuit's *Salazar* decision *supports* MasterClass on this point. In *Salazar*, the Second Circuit held the plaintiff's provided "valuable personal information" to the NBA "in exchange for access to [an] online newsletter." 118 F.4th at 552 (citation omitted). Thus, while the *Salazar* plaintiff received access to "restricted content" (albeit non-video content) through that subscribed-to publication, here, Plaintiff does not allege that her provision of personal information gave her access to any content other than the freely accessible material on MasterClass's website that is available whether an individual sets up an account or not. (Dkt. 29 at 16-17.) As MasterClass's motion to dismiss explains, that absence of access to restricted content has led other district courts to dismiss similar VPPA claims, finding that the plaintiffs failed to allege a basic "subscriber" relationship between a plaintiff and a defendant. (*Id.* at 15-16 (discussing *Kuzenski*, 2024 WL 5323420 and *Sutton v. TED Foundation, Inc.,* No. 23 CIV. 9219 (DEH), 2024 WL 4167342 (S.D.N.Y. Sept. 12, 2024).) For this and the other reasons addressed in the pending motion to dismiss, MasterClass has also shown that the Plaintiff's failure to allege a basic "subscriber" relationship between herself and MasterClass is also at least *potentially* case dispositive.

---

[4] Plaintiff cites *Jackson v. Fandom, Inc.*, No. 22-CV-04423-JST, 2023 WL 4670285, at *3 (N.D. Cal. July 20, 2023) and *In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2012 WL 3282960, at *7 (N.D. Cal. Aug. 10, 2012), but neither decision addresses the legal question of whether a plaintiff must allege a factual nexus between a subscription, on the one hand, and a defendant's provision of video services, on the other. *Jackson* provides hardly any analysis at all, and *In re Hulu* only discussed whether a "payment" is required for a plaintiff to be a "consumer" under the VPPA.

On the last argument, Plaintiff identifies two recent decisions that held—with little to no analysis—that an allegation that a "defendant knowingly installed the [Meta] Pixel" on its website is enough to meet the VPPA's "knowing" requirement. (Opp. at 7 (citing *Markels v. AARP,* 689 F. Supp. 3d 722, 729 (N.D. Cal. 2023) and *Sellers v. Bleacher Rep., Inc.*, No. 23-CV-00368-SI, 2023 WL 4850180, at *5 (N.D. Cal. July 28, 2023).) These decisions, however, do not even address MasterClass's specific argument that the VPPA requires that a defendant know it is disclosing information about a VPPA consumer, rather than someone "merely view[ing] videos while surfing the web." (Dkt. 29 at 20 (quoting *M.K. v. Google LLC*, No. 21-CV-08465-VKD, 2023 WL 4937287, at *5 (N.D. Cal. Aug.1, 2023)).) Accordingly, Plaintiff does not show that the argument is not at least *potentially* dispositive of Plaintiff's VPPA claim.

In sum, because *any* of the three arguments raised in MasterClass's motion to dismiss would independently dispose of Plaintiff's VPPA claim, MasterClass has readily shown that the pending motion to dismiss is potentially case dispositive.[5]

**2. Plaintiff does not contest that the motion to dismiss can be decided without discovery.**

Turning to the second part of the two-pronged test, Plaintiff does not contest that MasterClass's pending motion to dismiss turns entirely on the pleadings. She does not argue that discovery is required for a decision on the motion. *Pearl v. Coinbase Glob., Inc.*, No. 22-CV-03561-MMC, 2024 WL 3048490, at *1 (N.D. Cal. June 17, 2024) (granting motion to stay where plaintiff did not "identif[y] any particular discovery he needs in order to meaningfully respond" to the defendant's motion to dismiss). She therefore concedes the point. *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, No. 4:14-CV-03861 SC, 2015 WL 4623710, at *3 (N.D. Cal. Aug. 3, 2015) (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132

[5] Plaintiff makes a passing guess at the Court's rationale for initially declining to stay this matter pending the Ninth Circuit's decision in *Heather v. Healthline Media, Inc.* (Opp. at 7-8.) That remark can be safely ignored because MasterClass only requests a discovery stay while the Court considers its pending motion to dismiss, not a complete litigation stay pending the Ninth Circuit's anticipated decision.

(C.D. Cal. 2011)) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment . . . .").

**3. Plaintiff does not meaningfully contest that the requested discovery stay would conserve resources.**

Finally, while Plaintiff claims without explanation that a stay would consume judicial resources, (Opp. at 2), she cannot and does not seriously dispute that the requested discovery stay would conserve court and party resources, which is a factor "sometimes" considered by courts in this Circuit in connection with the two-pronged test. *Tavantzis*, 2024 WL 812012, at *1 (quoting *Fields v. Roberts*, 2013 WL 5230034, at *1). As identified in the motion, courts agree that resources would be conserved if unnecessary discovery and litigation can be avoided. *See*, *e.g.*, *Allen v. Protective Life Ins. Co.*, No. 1:20-CV-00530-NONE-JLT, 2020 WL 5878276, at *6 (E.D. Cal. Oct. 2, 2020).

Here, Plaintiff does not contest that MasterClass's resources dedicated to responding to her discovery requests—including her "all document" requests that have no time limitations whatsoever—will be wasted if the motion to dismiss is granted. Same with respect to the third-party discovery Plaintiff seeks: without a stay third party Meta will need to expend resources on numerous requests that may be rendered moot if the Court grants MasterClass's motion to dismiss. Nor does Plaintiff contest that her discovery requests purport to seek information that cannot be disclosed under 18 U.S.C. § 2710(b)(2)(F) without an order from the court and significant judicial proceedings. This expenditure of potentially unnecessary judicial resources can be avoided by a short discovery stay.

**B. Plaintiff's Remaining Arguments Are Based on Decisions and Tests Not Applicable Here.**

Finally, Plaintiff's opposition includes independent sections arguing that MasterClass has not done enough to detail the prejudice it would suffer absent a discovery stay or address the prejudice that Plaintiff would suffer if a discovery stay is entered. Plaintiff's arguments, however, are based on decisions addressing different legal tests.

At the outset, all of Plaintiff's concerns about the prejudicial effects of a discovery stay during the pendency of a motion to dismiss are built into the two-pronged test applicable here. Indeed, many

decisions explicitly call out the same standards and concerns cited by Plaintiff before identifying and applying the two-pronged test itself. *See*, *e.g.*, *Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, No. 1:20-CV-01518-NONE-JLT, 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021) (addressing the burdens on a movant seeking a discovery stay, the balancing of prejudices to both parties, and then discussing the "two-pronged test" used by "[d]istrict courts in the Ninth Circuit"). As discussed in the motion to stay and above, MasterClass has made a strong showing that its motion to dismiss may potentially resolve the case in its entirety and that no discovery is needed to do so. MasterClass has also shown that a stay would conserve both the parties' and the Court's resources. That is enough. *Nelson*, 2022 WL 19765995, at *1-2 (staying discovery where "it is *possible* that defendants' motion to dismiss could be dispositive of the entire case" and the "motion to dismiss can be decided without further discovery") (emphasis in original).

Still, Plaintiff devotes a section of her opposition arguing that MasterClass must do more to identify the specific burdens it will suffer if discovery proceeds. (Opp. § II.A.) But her argument is based on the legal tests applicable to parties seeking general litigation stays pending resolution of proceedings (usually an appeal) in another action. Rather than apply the two-pronged test at issue here, those cases use a different test that requires, *inter alia*, specific showings of "the hardship a party may suffer if the case is allowed to go forward." *See*, *e.g.*, *Salazar v. Cnty. of Los Angles*, No. CV-15-09003-MWF-JC, 2016 WL 11746844, at *5 (C.D. Cal. Sept. 27, 2016) ("In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including (1) the possible damage which may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"). Application of a different test in these scenarios makes complete sense. Unlike the discovery stays tied to a district court's consideration of a case-dispositive motion to dismiss, the entry of a stay tied to *another* court's decision-making process introduces more uncertainty regarding possible effects on the litigation – such as the inability to predict the length of a needed stay and the difficulty of predicting the effect foreign proceedings would have on the action (in the event, for example, the parties to that action settle instead of letting

an appeal play out). Indeed, in *all* the cases Plaintiff cites, these concerns led the court to deny a request for a litigation stay. *Id.* at *6 (denying motion to stay where identified D.C. Circuit appeal would "not significantly affect the [plaintiffs] remaining claims for relief"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (declining to stay case pending D.C. Circuit appeal, where stay would be "indefinite" and outcome of foreign proceedings would not wholly resolve the litigation); *Larson v. Harman Mgmt. Corp.*, No. 1:16-CV-00219-DAD-SKO, 2018 WL 6459964, at *4 (E.D. Cal. Dec. 10, 2018) (declining to stay case pending anticipated FCC guidance because the stay would be "indefinite"); *see also Rose v. Sw. Credit Sys., L.P.*, No. CV-15-4998-MWF (PLA), 2015 WL 13763676, at *2 (C.D. Cal. Nov. 30, 2015) (applying test for a general stay "pending resolution of an appeal in another action"). The concerns present in all these cases are absent here. Because the requested stay is tethered to MasterClass's case-dispositive motion to dismiss, there is no risk of an indefinite stay and no worry that the pending motion to dismiss will only marginally affect the claims at issue here. If the motion to dismiss is granted, the case is over. If the motion to dismiss is denied, the stay is over. Either way, any delay to discovery will be definite and the effect of the Court's ruling on the motion to dismiss will be certain.

The same is true for Plaintiff's argument that MasterClass must better account for the effect of a stay on Plaintiff's case: the authorities she relies on – and the tests those decisions apply – are based on circumstances not present here. In *Young v. Peraza*, for example, the court considered whether a civil case should be stayed pending the resolution of parallel criminal proceedings, a request that required the defendant to "show that his invocation of the Fifth Amendment privilege will result in 'certain loss by automatic summary judgment' in the civil case." No. 15-60968-CIV-COHN-SELTZER, 2015 WL 4639736, at *1-2 (S.D. Fla. Aug. 4, 2015). The court also explained that in considering a stay the court could consider matters like the prejudice the plaintiff might suffer "as the memories of eyewitnesses faded with the passage of time" – a real risk in that case given that the length of the parallel criminal proceedings were impossible to predict and the plaintiff's case depended on eyewitnesses to an actual shooting. *Id.* at *2. Plaintiff's own pleadings show that this case is – like nearly every other consumer class action – one that will be decided on electronic records and documents, not "eyewitness" testimony. Because MasterClass has implemented a

litigation hold, Plaintiff does not identify any risk of prejudice associated with a small delay before documents are produced (if such production is even necessary). The decision in *Ontiveros v. Zamora* is off-point as well: that case involved a request to stay district court proceedings following interlocutory review of a decision denying a motion to compel arbitration—a matter that required application of a different four-factor test. No. CIV. S-08-567 LKK, 2013 WL 1785891, at *2 (E.D. Cal. Apr. 25, 2013). Similar issues underlie Plaintiff's citation to *O'Hanlon v. 24 Hour Fitness USA, Inc.*: the stay in that case was made in connection with the resolution of appeals pending before both the United States Supreme Court and the D.C. Circuit and, thus, required application of a three-factor test. No. 15-CV-01821-BLF, 2016 WL 815357, at *3 (N.D. Cal. Mar. 2, 2016). As with the cases discussed above, the requested stay was denied because the effect of the outcome of the other matters on the litigation was indefinite and uncertain.

Finally, Plaintiff argues that if a discovery stay is entered she might not have time to "meaningfully conduct discovery" and adhere to the Court's scheduling order. Initially, the case she cites for this point did not apply the two-prong test used by courts in this district. *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 716840, at *1 (W.D. Wash. Mar. 10, 2022).[6] And in any event, if Plaintiff does find herself short on time, any intervening stay to discovery entered by this Court would certainly qualify as the good cause needed to modify the existent scheduling order. *See*, *e.g.*, *Alexander v. Garza*, No. 1:20-cv-01486-DAD-SAB (PC), 2022 WL 1446518, at *2 (E.D. Cal. Apr. 22, 2022) (modifying scheduling order following entry of a stay to discovery pending resolution of the movant's motion for summary judgment).

## III. CONCLUSION

Plaintiff does not dispute that the two-pronged test identified in *Nelson* applies here and does not attempt to show that MasterClass's motion to stay fails to satisfy either part of that test. The motion to stay discovery should be granted.

---

[6] If *Garner* had applied the test, the motion for a discovery stay would have been denied because the movant did not show the then-pending motion to dismiss was case dispositive. *Id.* (noting that the defendant's motion to dismiss "raise[d] 'a real question whether' *portions* of plaintiffs' claims [would] survive") (emphasis added).

Dated: March 20, 2025

**ZWILLGEN LAW LLP**

By: */s/ Sheri Pan*

Sheri Pan (SBN 316136)
sheri@zwillgen.com

**Attorney for Defendant**
Yanka Industries, Inc. d/b/a MasterClass