1

2

3

4                                        UNITED STATES DISTRICT COURT

5                                      NORTHERN DISTRICT OF CALIFORNIA

6

7         REBEKKA LIEN,                                    Case No.  24-cv-08007-TLT   (TSH)

8                        Plaintiff,

9                v.                                         **DISCOVERY ORDER**

10        YANKA INDUSTRIES, INC.,                           Re: Dkt. No. 30

11                       Defendant.

12

13              Defendant moves for a protective order staying discovery until its motion to dismiss is

14       decided.  ECF No. 30.  The Court held a hearing this morning and now issues the following order.

15              This is a low stakes motion because not much is happening right now in terms of

16       discovery.  Defendant filed this motion the day Plaintiff served her requests for production and

17       interrogatories, and the parties have stipulated to extend Defendant's deadline to serve responses

18       to May 15, 2025, which is after the May 13 hearing on the motion to dismiss.  So, Defendant is

19       currently doing some work, namely drafting discovery responses, and defense counsel are

20       presumably discussing with their client what documents and information it may have to help draft

21       the responses.  But that's all the Defendant is doing right now.

22              For her part, Plaintiff served a subpoena on Meta, Meta has responded, and Plaintiff and

23       Meta are meeting and conferring about the subpoena.  Plaintiff expects that Meta won't produce

24       anything until after Defendant says in its discovery responses that it doesn't have what Plaintiff is

25       looking for.  So, while Plaintiff and Meta are meeting and conferring, that effort is in a holding

26       pattern until Defendant serves its discovery responses.

27              Thus, the best way to characterize the current state of affairs is that the parties are in the

28       very early stages of discovery.  They haven't gotten to the point of incurring large expenses, and it

United States District Court
Northern District of California

United States District Court
Northern District of California

1  is entirely possible they won't get to that point before there is a ruling on the pending motion to

2  dismiss, the hearing on which is currently scheduled for 12 days from now.  ECF No. 36.  It is

3  therefore unclear that there is much discovery to "stay."

4  Defendant's motion to stay discovery is **DENIED** because there doesn't seem to be a good

5  reason to grant it.  A blanket stay of discovery is unnecessary, even if the motion to dismiss will

6  be successful, because the parties aren't doing much.  The preliminary work they are doing

7  (drafting discovery responses, meeting and conferring with a non-party) will be useful if the

8  motion to dismiss is denied, and will not be a large wasted expense if it is granted.

9  In keeping with Federal Rule of Civil Procedure 1, the Court does not intend for either side

10  to incur significant discovery expenses before there is a ruling on the pending motion to dismiss.

11  If either side thinks it is about to start incurring significant discovery expenses, and the motion to

12  dismiss remains pending, the parties should promptly file a joint discovery letter brief setting forth

13  their views on whether discovery should be stayed at that point.  Right now the need for this

14  motion feels hypothetical, but if additional facts arise, the Court's view could change.

15  **IT IS SO ORDERED.**

16

17  Dated: May 1, 2025

18  THOMAS S. HIXSON
19  United States Magistrate Judge

2