UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKKA LIEN,<br>Plaintiff,<br>v.<br>YANKA INDUSTRIES, INC.,<br>Defendant. | Case No. 24-cv-08007-TLT<br><br>**QUESTIONS FOR THE HEARING**<br>Re: Dkt. Nos. 29 |

## I. FOR BOTH PARTIES

a. The parties both rely on *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256 (11th Cir. 2015) ("*Ellis*") for the factors in consideration of what constitutes a "subscriber" under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). What binding or instructive authorities instruct the Court on how to balance those factors? What weight should the Court give each factor, and why?

b. What was the meaning of "subscriber" in 1988 when the VPPA was enacted?

c. Defendant ("Masterclass") argues that the VPPA requires a plaintiff to allege that their subscription was specifically for *audiovisual* goods or services. Plaintiff argues the subscription can be for *any* goods or services of the video tape service provider. Assuming Masterclass is right, is it sufficient for Plaintiff to have alleged (1) that she "subscribed to a digital masterclass.com plan that *provides Video Media content* to the digital subscriber's desktop, tablet, and mobile device" (FAC ¶ 62) and (2) that "[d]uring the relevant time period she has *used her masterclass.com digital subscription to view Video Media.*" *Id.* ¶ 13? Please explain why or why not with

United States District Court
Northern District of California

supporting authorities.

i. If the FAC insufficiently alleges that Plaintiff is a subscriber to Masterclass' *audiovisual* goods or services, what statutory interpretation cannons or policy considerations should the Court consider in determining whether the VPPA in fact requires Plaintiff to allege this fact as Masterclass suggests?

**II. FOR THE PLAINTIFF**

a. Masterclass argues that Plaintiff must allege that Masterclass knew she was a "consumer" (here, a "subscriber") under the VPPA in addition to knowingly disclosing her protected information in order to have a claim. Does the VPPA require that a defendant know the person was a "consumer" as defined by the VPPA for a claim to arise? Please explain why or why not with supporting authorities.

b. "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Has Plaintiff run afoul of this principle by alleging that Masterclass knew the Facebook pixel it installed onto its website disclosed to Facebook data containing her email, the personal information associated with her Facebook account, and the video content she viewed to Facebook without also alleging a factual basis for *how* that could be true? Please explain why or why not with supporting authorities.

**III. FOR THE DEFENDANT**

a. The VPPA defines a "video tape service provider" as "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials[.]" 18 U.S.C. § 2710(a)(4). Does Masterclass concede that it is a video tape service provider under this definition? Please explain why or why not with supporting authorities.

b. Plaintiff has not alleged that her account with Masterclass provided her any exclusive or restricted access as compared to another user who registered with their Facebook account. What statutory interpretation cannons or policy considerations should the Court consider in determining the weight to give this absent *Ellis* factor?

c. Plaintiff has not alleged that she paid any monetary value to Masterclass in exchange for the video content she accessed with her account. What statutory interpretation cannons or policy considerations should the Court weigh in considering whether this lack of monetary exchange affects the sufficiency of Plaintiff's claims at this stage? What would be the policy impact of a court deciding that the VPPA fails to cover those who do not pay for a subscription?

d. What binding or persuasive authority supports Masterclass' position that Plaintiff must allege (1) that Masterclass knew she was a "consumer" under the VPPA; and (2) *how* Masterclass could have known that it was disclosing her personal identifying information to Facebook by its deliberate installation and use of the Facebook pixel?

   i. If Masterclass is correct that a plaintiff must allege that a defendant knew the plaintiff was a "consumer" under the VPPA for the plaintiff to have a viable claim, please explain the practical effect of how a video tape service provider could implement such a rule when the definition of "subscriber" is currently a multi-factor, factual, and evolving analysis.

**IT IS SO ORDERED.**

Dated: May 9, 2025

TRINA L. THOMPSON
United States District Judge